UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| JODY JONES, | ) |
| Plaintiff, | ) Civil Action No. 6: 15-050-DCR |
| V. | ) |
| SCOTT ALEXANDER, | ) **MEMORANDUM OPINION** |
| Defendant. | ) **AND ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of the defendants' motion in limine. [Record No. 57] This case involves claims of employment discrimination brought by Plaintiff Jody Jones, a former maintenance worker employed by Perry County Fiscal Court. When Jones was hired, his uncle, Denny Ray Noble, was the County Judge Executive. In 2014, Jones campaigned for Noble during Noble's run for re-election against Defendant Scott Alexander. Alexander won the race. On January 6, 2015, during his second day in office, Alexander terminated Jones. Jones claims that by terminating him, Alexander and Perry County Fiscal Court violated his First Amendment and Fourth Amendment rights under the United States Constitution and committed several state law violations. [Record No. 1-1] On May 11, 2016, this Court granted summary judgment in favor of Perry County Fiscal Government on all claims. [Record No. 70] The Court also granted Alexander's motion for summary judgment for all claims, except for the First Amendment claim asserted against him in his individual capacity. *Id.*

On May 9, 2016, the defendants filed this motion in limine. [Record No. 57] Because Jones' claims against Perry County Fiscal Court have been dismissed, the motion will be denied as moot to the extent that it seeks relief on behalf of the county government. As for Alexander's requests regarding punitive damages and the defendants' liability insurance coverage, the defendants concede in their reply that those issues are now moot. [Record No. 74, p. 1] Thus, the motion in limine will be denied as to those issues.

Next, Alexander requests that this Court "exclude all lay opinion testimony regarding the validity of employment decisions made, financial stability of Perry County during relevant time periods, [and] any alleged deficiencies in employment practices, policies, or procedures . . . ." [Record No. 57, p. 1] But as Jones points out in his reply, the central issue in this case is why Alexander fired Jones. [Record No. 69, p. 1] Jones claims that Alexander fired him because of Jones' political affiliation with Noble. Alexander claims that he fired Jones because of budgetary constraints. Thus, evidence regarding Perry County Fiscal Court's budget is relevant under Rule 401 of the Federal Rules of Evidence.

Jones proposes to introduce the following evidence that might fall within this particular in limine request: (i) the fiscal court's minutes that show that Alexander hired over 51 employees and authorized numerous pay raises during the time he claims the budget was "tight," (ii) evidence that Alexander only fired three employees in a sixteen-month period, (iii) invoices of independent contractors who provided maintenance work to the fiscal court, (iv) testimony that the fiscal court's policies and procedures were not followed for Jones' termination, (v) evidence that Alexander did not call Jones back to work when Eric Harkins, the other maintenance employee, was injured just weeks after Jones' termination, and (vi) testimony from witnesses that Alexander fired Jones for political reasons. *Id.* at 2.

Alexander agrees that items (i) and (iii) do not come within his in limine request. [Record No. 74, pp. 2-3] According to Alexander, he only seeks to exclude speculative testimony and to prevent Jones from testifying as an expert about employment practices. *Id.* at 1-2. The Sixth Circuit has cautioned trial courts against issuing in limine rulings that "exclude broad categories of evidence." *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975). Instead, "a better practice is to deal with questions of admissibility of evidence as they arise." *Id.* For this reason, the Court will deny Alexander's motion to the extent that he seeks a general ruling excluding types of evidence that are already precluded by the Federal Rules of Evidence. To the extent that Jones or anyone else attempts to introduce speculative evidence or act as an expert where he or she is not qualified to do so, that evidence will be excluded at trial. *See Reynolds v. Family Dollar Servs., Inc.*, No. 09-56-DLB, 2011 WL 618966 (E.D. Ky. 2011) (In an age discrimination suit, the plaintiff proposed to offer the testimony of a department manager who told the plaintiff that he had been 'set up' for termination. The testimony was excluded as speculative because the plaintiff played no role in the defendants' promotion or termination decisions and therefore could not have known the defendants' motivation for firing the plaintiff.) But thus far, Jones has not proposed to introduce any such testimony.

Similarly, Alexander requests that the Court exclude *all* hearsay statements. [Record Nos. 57, p. 3; 74, p. 3] The Federal Rules of Evidence already generally exclude hearsay. *See* Fed. R. Evid. 802. Jones has shown that several apparently hearsay statements may be admissible at trial as non-hearsay or based on a hearsay exception. For example, hearsay statements made by Alexander may constitute admissible statements by a party-opponent. *See* Fed. R. Evid. 801(d)(2). But these types of evidentiary rulings are best made on a statement-

by-statement basis. Since Alexander has failed to identify any specific statements that he believes are appropriate for exclusion under the Rules of Evidence, his motion will be denied regarding this issue as well.

Finally, Alexander seeks to "prohibit evidence that Perry County [Fiscal Court] or any of its employees have or may have had, other lawsuits filed against them." [Record No. 57, p. 5] In response, Jones claims that he only intends to (i) question current magistrates and Alexander regarding a closed session of the Perry County Fiscal Court held on January 8, 2015, wherein the minutes reveal that litigation was discussed; and (ii) introduce evidence regarding a lawsuit filed by board members of the Perry County Ambulance Authority in 2015, claiming that Alexander wrongfully replaced them with candidates he personally selected. [Record No. 69, p. 4] As for the closed session, Alexander claims that such communications are irrelevant and privileged. [Record No. 74, p. 3] The Court also declines to make a preliminary ruling based on such scant information. Obviously, a discussion regarding litigation held by the Perry County Fiscal Court just two days after Alexander terminated Jones could be relevant. However, the Court has no idea what was actually discussed at the closed session and, therefore, cannot definitively determine whether it is relevant. Moreover, neither party has offered evidence showing exactly who was present at the closed session. And Alexander has not offered any support for his contention that the session was privileged. Thus, his motion will be denied without prejudice as to this issue.

As for the Ambulance Board's lawsuit, Alexander argues that introduction of that evidence would be unduly prejudicial and confusing to the jury in violation of Rule 403 of the Federal Rules of Evidence. [Record No. 74, pp. 3-4] The Court can see how evidence of another employment lawsuit against Alexander could be unduly prejudicial. Further, the

Federal Rules prohibit introduction of evidence of a crime, wrong, or other act "to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). However, the Rules also permit introduction of certain character evidence where it is used for another purpose. *See* Fed. R. Evid. 404(b)(2). Thus, to the extent that Jones seeks to introduce proof of the Ambulance Board suit purely as character evidence against Alexander, the motion in limine will be granted and the evidence excluded. But if Jones shows that he intends to offer the evidence for a purpose listed in Rule 404(b)(2), the evidence may be admissible.

Accordingly, it is hereby

**ORDERED** that the defendants' motion in limine is **GRANTED**, in part, and **DENIED**, in part, as explained more fully above.

This 6th day of June, 2016.



Signed By:
*Danny C. Reeves*  DCR
United States District Judge